IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02498-PAB

KENNETH LEE GILE,
CHARLENE DIANNE GILE, and
THE LIVING TRUST OF KENNETH LEE GILE AND CHARLENE DIANNE GILE,

    Plaintiffs,

v.

GARY L. SCHMIDT and
SHELLY L. SCHMIDT,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

    The Court takes up this matter *sua sponte* on plaintiffs' complaint [Docket No. 1]. Plaintiffs state that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 1-2, ¶¶ 1-5.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens,* 135

S. Ct. 547 (2014) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs invoke 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 2, ¶ 5. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of The Living Trust of Kenneth Lee Gile and Charlene Dianne Gile ("the trust").

Although the trust is identified in the case caption as a party, the complaint makes no reference to the citizenship of the trust. While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), "Congress never expanded this grant of

citizenship to include artificial entities other than corporations." *Americold Realty Trust v. ConAgra Foods, Inc.*, --- U.S. ----, 136 S. Ct. 1012, 1015 (2016).

The complaint provides no information regarding the nature of the trust (i.e., what type of unincorporated entity it is), the citizenship of its trustees, or the citizenship of the trust's beneficiaries. *See Americold,* 136 S. Ct. at 1016; *Wang by & through Wong v. New Mighty U.S. Trust*, 843 F.3d 487, 493 (D.C. Cir. 2016); *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 749 (4th Cir. 2016). As a result, the Court is unable to determine the citizenship of the trust and whether the Court has subject matter jurisdiction.

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on February 15, 2017**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 1, 2017.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge