IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02498-PAB-NYW

KENNETH LEE GILE,
CHARLENE DIANNE GILE, and
THE LIVING TRUST OF KENNETH LEE GILE AND CHARLENE DIANNE GILE,

    Plaintiffs,

v.

GARY L. SCHMIDT and
SHELLY L. SCHMIDT,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Nina Y. Wang filed on May 9, 2017 [Docket No. 33]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. See 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on May 9, 2017. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the

Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 33] is ACCEPTED.

2. Plaintiffs' Motion for Leave to Amend [Docket No. 30] is GRANTED.

3. Plaintiffs shall file a signed copy of the Amended Complaint [Docket No. 30-2] on or before June 9, 2017.

DATED June 1, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).